UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JUANITA D. STROUP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:08CV171CAS(MLM) |
| ) | |
| MICHAEL J. ASTRUE,, ) | |
| Commissioner of Social Security ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on Defendant's Motion to Reverse and Remand pursuant to 42 U.S.C. § 405(g), sentence four. [Doc. 13] This case was referred to the undersigned United States Magistrate Judge for appropriate disposition pursuant to 28 U.S.C. § 636(b). [Doc. 5]

The issue in this case is whether plaintiff is entitled to disability insurance benefits under Titles II and XVI of the Social Security Act. After careful review of the above-captioned case, agency counsel requested the Appeals Council of the Social Security Administration to reconsider the Commissioner's decision. Upon review, the Appeals Council determined that remand was appropriate for further consideration of plaintiff's claim.

Upon receipt of the court's remand order, the Appeals Council will remand this case to the Administrative Law Judge (ALJ) who should be instructed to evaluate the severity of plaintiff's mental impairment using the technique set out in the regulations at 20 C.F.R. §§ 404.1520a, and 416.920a. The ALJ should also properly formulate plaintiff's residual functional capacity, including functional limitations consistent with plaintiff's mental status. In addition, the ALJ should be instructed to obtain evidence from a vocational

expert, if necessary, in order to determine if plaintiff can perform her past relevant work or if a significant number of other jobs exist in the national economy that plaintiff can perform.

Remand by this court is appropriate under 42 U.S.C. § 405(g) which provides:

> The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing.

Remand would expedite administrative review, insure that the Commissioner properly considers plaintiff's claim and could make judicial review unnecessary.

Pursuant to the Supreme Court's decision Shalala v. Schaefer, 509 U.S. 292 (1993), the court should enter final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure reversing the decision of the ALJ and remanding this case to the Commissioner under sentence four of 42 U.S.C. § 405(g). Pursuant to Brown v. Barnhart, 282 F.3d 580 (8th Cir. 2002), it is critical that the court specifically include in its order that it is "reversing and remanding" the case. In Brown the Eighth Circuit noted that in the absence of an order which includes "affirm, modify, or reverse" there "is no statutory 'power' to remand pursuant to sentence four." Id. at 581.

Entry of the final judgment reversing and remanding this case will begin the appeal period which determines the 30-day period during which a timely application for attorney fees may be made under the Equal Access to Justice Act (EAJA).

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Reverse and Remand be **GRANTED**. [Doc. 13]

**IT IS FURTHER RECOMMENDED** that a final judgment be entered reversing and remanding this case to the Commissioner of Social Security for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS FURTHER RECOMMENDED** that a final judgment be entered in order to begin the appeals period which determines the 30-day period during which a timely application for attorney's fees may be made under the Equal Access to Justice Act (EAJA).

The parties are advised that they have eleven (11) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this   27th    day of February, 2009.